UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARRIEM SHAHEED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VINCE CHHABRIA,<br><br>　　　　　Defendant. | Case No. 16-cv-07208-JD<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, has filed a petition for a writ of mandamus. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff seeks relief against Judge Vince Chhabria regarding his handling of Case No. 13-cv-5751-VC. The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (citations omitted). However, a federal district court lacks authority to issue a writ of mandamus to another district court. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

In Case No. 13-cv-5751-VC, the Court granted defendants' motion for summary judgment and closed the case. Docket No. 58 in Case No. 13-cv-5751-VC. The Ninth Circuit denied plaintiff's appeal finding that the district court properly granted summary judgment. Docket No. 66 in Case No. 13-cv-5751-VC. Plaintiff pursued his remedy which was to file an appeal, which was denied, though he may continue to appeal the Supreme Court. This action seeks a "horizontal appeal" and such collateral attacks on decisions of the federal court are foreclosed by the Ninth Circuit. *See Mullins*, 828 F.2d at 1393. This action is dismissed for failure to state a claim. Because it would be futile to allow further amendments this case is dismissed with prejudice.

**CONCLUSION**

1. This action is **DISMISSED** with prejudice for failure to state a claim.
2. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 6, 2017

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARRIEM SHAHEED,

Plaintiff,

v.

VINCE CHHABRIA,

Defendant.

Case No. 16-cv-07208-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karriem Shaheed ID: H-65017
CSATF State Prison Bldg. 3 - A3 - 3L
PO Box 5248
Corcoran, CA 93212

Dated: February 6, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO